IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EMAD GHALLY, | § | |
| *Plaintiff,* | § § § | SA-22-CV-01119-JKP |
| vs. | § § | |
| CVS RX SERVICES, INC., | § § | |
| *Defendant.* | § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the above-styled cause of action. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that this case be dismissed for want of prosecution.

## I. Background

Plaintiff, a former employee of Defendant, filed this case in state court against Defendant alleging violations of the Texas Labor Code. Defendant removed the case based on diversity jurisdiction and subsequently moved the Court to compel arbitration on the basis of an arbitration agreement executed as part of Plaintiff's employment governing Plaintiff's employment claims. Plaintiff failed to respond to the motion. The Court thereafter granted the motion to compel arbitration as unopposed, stayed the case, and ordered the filing of joint status reports on the arbitration. When the parties failed to file the first quarterly update, the Court entered an

1

additional order, directing the parties to update the Court on the arbitration and warning that a failure to do so could result in the administrative closure of this case. Plaintiff failed to respond to the Court's Order, and Defendant submitted a notice to the Court that Plaintiff had not yet filed an arbitration demand. The Court therefore administratively closed the case on April 24, 2023. Over one year has elapsed since the closure with no further communication from either party regarding the arbitration or this litigation.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). Plaintiff has not participated in any way in this litigation since removal of the state-court Petition by Defendant in October of 2022. The undersigned will therefore recommend this case be reopened and dismissed for want of prosecution.

## II.  Conclusion and Recommendation

Having considered the record in this case and governing law, the undersigned recommends that this case be **DISMISSED FOR WANT OF PROSECUTION**.

## III.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which

objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 3rd day of May, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE